IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

MEINEKE CAR CARE CENTERS, INC.,

    Plaintiff,

vs.

WILLIAM R. WARD,

    Defendant.

Civil Action No. 3:05-CV-130

## DEFENDANT'S ANSWER TO COMPLAINT

COMES NOW defendant, and for his answer to the Complaint, states:

1. Defendant admits the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 14

2. Defendant denies the allegations contained in paragraph 15 thereof.

3. Defendant admits the allegations contained in paragraphs 16 17, 18, 19, 20, 21, and 22 thereof.

4. Defendant denies the allegations contained in paragraphs 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47 and 48 thereof.

5. Defendant denies the allegations contained in paragraph 49 thereof, except as heretofore specifically admitted.

6. Defendant denies the allegations contained in paragraphs 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, and 68 thereof.

7. Defendant denies the allegations contained in paragraph 69 except as heretofore specifically admitted.

8. Defendant admits the allegations contained in paragraph 70 thereof.

9. Defendant denies the allegations contained in paragraph 71.

10. Further answering by way of affirmative defense, defendant states that every contract entered into in the state of Missouri requires a dealing of good faith and plaintiff failed to exercise good faith in that plaintiff changed its name shortly after the franchise agreement was entered into and Meineke car care centers Inc has no value as compared to Meineke Discount Mufflers.

11. Further answering by way of affirmative defense, defendant states that plaintiff has refused to assist defendant through the duration of the business by failing to supply the appropriate advertising or support.

12. Further answering by way of affirmative defense, defendant states that plaintiff has made undue requirements including attendance of additional training and seminars, which would cause defendant's operation to be shut down, none of which were disclosed in the contract agreement.

13. Further answering by way of affirmative defense, defendant states that plaintiff has misrepresented to the Court defendant's use of the Meineke logo, in that plaintiff's agents specifically negotiated a sale of all signage and materials to a Meineke dealer in St. Louis, and such signage and materials were only at defendant's property until such time as they could be shipped to St. Louis, with the express understanding of plaintiff's representatives.

WHEREFORE, having fully answered, defendant prays the plaintiff's complaint be dismissed, with costs assessed against the plaintiff; and for such other and further relief as the Court may deem just and proper in the premises.

# DEFENDANT'S COUNTERCLAIM

COMES NOW William R. Ward, and for his Counterclaim against plaintiff, states as follows:

1. That defendant incorporates herein by reference his answer to the complaint and the affirmative defenses stated therein.

2. That plaintiff has breached its duty of good faith to the defendant in failing to assist in the operation of the franchise by failing to provide necessary advertising and artificially raising prices on supplies, computer software, and changing the name fo the company without prior notification to the defendant, so as to make the franchise lose value.

3. That as a direct and proximate result of the breach of duty and good faith as aforesaid by plaintiff, defendant has sustained damage.

4. That the actions of plaintiff were willful, wanton and malicious and otherwise without good cause or excuse, so as to justify punitive damages.

WHEREFORE, defendant prays judgment against the plaintiff on his counterclaim for the sum of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS in actual damages; for THREE MILLION AND NO/100 ($3,000,000.00) DOLLARS in punitive damages, for the cost of this action and for such other and additional relief as the Court may deem just and proper in the premises.

Respectfully submitted.

DESSELLE LAW OFFICE, L.L.C.

WILLIAM R. WARD,
13811 EAST 40 HIGHWAY
INDEPENDENCE, MO 64055
DEFENDANT, PRO SE

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April, 2005, a copy of the above and foregoing was mailed, postage prepaid in the U.S. Mail, to counsel of record for plaintiff, to-wit:

AMY K. REYNOLDS
Meineke Car Care Centers, Inc.
128 S. Tryon Street, Suite 900
Charlotte, NC 28202
ATTORNEY FOR PLAINTIFF

*[signature]*

C:\Documents and Settings\Administrator\Local Settings\Temporary Internet Files\Content.IE5\YVY3ALYJ\Ward-Meineke-Answer-Counterclaim.wpd