# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:05-CV-130-W

| | |
|---|---|
| MEINEKE CAR CARE CENTERS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) **NOTICE AND ORDER** |
| WILLIAM R. WARD, | ) ) ) |
| Defendant. | ) ) |

TAKE NOTICE that this matter has been set for status conference and motions hearing on Plaintiff's renewed motion for entry of default (Doc. No. 10), to be held at **4:00 p.m.** on **21 December 2006**, before the undersigned United States District Judge, in Courtroom #1 of the Charles R. Jonas Federal Building in Charlotte, North Carolina. Brief oral argument on all pending motions will be allowed and limited to fifteen (15) minutes per side. All attorneys in attendance are directed to seek settlement authorization prior to the date of hearing and have the ability to contact their clients on the date of hearing if necessary.

**Attendance at this hearing is MANDATORY for each party or its representative** (i.e., Defendant may retain local counsel to make an appearance on his behalf in lieu of attending *pro se*). Because Meineke's motion and affidavits establish that Defendant failed to properly serve a responsive pleading (i.e., answer and counterclaim) to the complaint within the time limit prescribed by Rule 12(a) of the Federal Rules of Civil Procedure, it is Defendant's burden to demonstrate GOOD CAUSE why a default should not be entered against him in this matter. See Fed. R. Civ. P.

55(a), (c).

The parties are instructed that Defendant's failure to sign the answer may be excused if the defect is promptly cured. See Fed. R. Civ. P. 11(a). Furthermore, the Court may excuse the lateness of Defendant's answer and accept his responsive pleading if the requisite good cause is shown. See Fed. R. Civ. P. 55(c). However, because this case has languished for over a year without any substantial activity by either side, the Court will require the attendance of both parties, in person or through counsel, so as to satisfy itself that each party has a good faith basis for continuing to prosecute or defend this lawsuit.

**Defendant is hereby admonished that failure to exercise good faith efforts to comply with the requirements set forth in this Order will result in the entry of default against him.** An entry of default will conclusively establish Defendant's liability on the contract, but will not deprive Defendant of his right to contest the amount of Meineke's damages upon a subsequent motion for judgment by default. SEC v. Lawbaugh, 359 F. Supp. 2d 418, 422 (D. Md. 2005).

The Clerk of Court is DIRECTED to send a copy of this Notice and Order for expedited delivery to the *pro se* defendant at the following address:

> William R. Ward
> 11800 Chipman Road NW
> Lees Summit, MO 64081-1807

IT IS SO ORDERED.

Signed: December 4, 2006

Frank D. Whitney
United States District Judge